454 A.2d 112

**Barbara S. SCHREIBER**

v.

**S. Allen SCHREIBER, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed Dec. 17, 1982.

244

William John Templin, Pittsburgh, for appellant.
Theodore T. Blair, Pittsburgh, for appellee.

Before ROWLEY, MONTEMURO and VAN der VOORT, JJ.

PER CURIAM:

The parties to this controversy are husband and wife, married in July 1957; three children resulted from the marriage. The husband left the marital household around Thanksgiving, 1975 and returned admittedly for economic reasons around Thanksgiving, 1977. The husband had filed suit in Allegheny County for divorce on August 16, 1977, at No. 876 October Term, 1977; he alleged indignities. On August 2, 1978, the wife filed a petition for alimony and counsel fees; and on August 21, 1978, she filed a complaint for support at No. D. 2896 of 1978.

Testimony was heard by Judge Kaplan on both claims on November 29 and 30, 1978. On January 16, 1979, he entered an order granting the wife support at $100 per month, plus reimbursement for one semester's tuition at the University of Pittsburgh and counsel fees of $650.[1] The Petition for Alimony Pendente Lite was dismissed. The husband contested the wife's claim for support (or alimony pendente lite) on the grounds that the wife admitted having had an adulterous relation with another man. Judge Kaplan, none the less determined that the wife was entitled to support under all the circumstances of the case. The factual history may be summarized as follows.

1. The husband moved from the marital home in late November, 1975.

2. During 1976 and at least until the spring of 1977 he engaged in an extra-marital relationship.[2]

3. In May, 1977 the wife learned of this relationship.

4. In June and July 1977, husband and wife, although still living apart, engaged in several acts of sexual intercourse.

1. This item was subsequently charged to Mrs. Schreiber.

2. When this relationship ended is a matter of dispute between the parties.

5. On August 16, 1977 the husband filed suit for divorce, alleging indignities.[3]

6. In late November, 1977 the husband returned to the home, against the wife's wishes, each occupying separate quarters, and without resuming conjugal relations.

7. During February or March of 1978, the wife engaged in an extra-marital affair without the knowledge or consent of the husband.

8. The husband learned of this affair in July, 1978.

9. Husband and wife continued to live in the same residence, but on separated basis, until the husband left in May, 1979.

The husband filed an appeal to the Superior Court at No. 134 April Term, 1979, from the order of January 16, 1979. When the husband attempted to reproduce the record of the proceedings below, he was unable to procure a transcript of the testimony taken on November 29 and 30, 1979, because the court reporter had retired. He was able to procure a satisfactory transcript of the testimony taken on November 29 through another reporter, but the notes of testimony for November 30th were not found. Claiming that that testimony was important as to the issue of entitlement to support (denied by the wife and her counsel, and contrary to the recollection of the trial judge), and unable to agree with the wife as to the subjects developed at the November 30th hearing, the husband procured an order for "a hearing in Absence of Transcript." On December 17, 1980 a hearing was scheduled before Judge Kaplan. On that date no testimony was taken on the issue of entitlement to support, that matter being postponed to another day. Judge Kaplan largely on his own suggestion, but also moved for by the wife's attorney, entered an order amending the support order entered on January 16, 1979 (and a modification of that order entered on August 20, 1979)... "nunc pro tunc to represent an Order of payment as Alimony Pendente Lite

3. At No. 1442 July 1980, the husband filed a second complaint in divorce alleging adultery. The two actions were consolidated by an order consented to by the parties.

rather than support, it being the intention hereunder to eliminate the defense of entitlements to said payments . . . ." [4] From this order the husband also filed an appeal to our court, docketed at No. 173 Pittsburgh Term, 1981.[5]

On February 26, 1981, a stipulation of facts was entered in the record, and the testimony of husband and wife taken on matters relating to the wife's "entitlement" to payments of support or alimony pendente lite. The substance of the facts developed has been summarized above.

The appellant raises two contentions before this court:

That the nunc pro tunc conversion of "support" (January 16, 1979) to an amended order for "alimony pendente lite" was an improper exercise of discretion; and

That the wife was not entitled to support due to her extra-marital affair.

We will discuss the two contentions in reverse order.

## I. ENTITLEMENT.

Despite his own infidelity over a period of more than a year, which appellant contends was condoned by his wife's acts of intercourse with him thereafter with knowledge of the infidelity, appellant contends that his wife lost her right to support from him because subsequently she entered into an adulterous relationship. The wife admitted that she had had a relationship, not fully described in the record, with a man named Fred, which apparently occurred in the spring of 1978, and was discovered by her husband in July, 1978. In his original opinion, dated January 16, 1979, Judge Kaplan concluded that the wife's violation of the marriage vows, (what he characterized as recrimination) did not deprive the court of the power, within the court's discretion, to order payment of support.

4. Judge Kaplan's premise that adultery would not prevent an order for alimony pendente lite is not documented, and is not briefed in the appellate court.

5. The proceedings below proceeded under the old Divorce Act, 23 P.S. § 1 et seq., Act of May 2, 1929, P.L. 1237 § 1 as amended; repealed April 2, 1980, P.L. 63, No. 26 § 801, effective in 90 days.

■ Judge Price in his opinion in *Hellman v. Hellman,* 246 Pa.Superior Ct. 536, 543, 371 A.2d 964 (1977), clearly stated the law concerning the problem at hand,

> We agree with the [appellant] that an act of adultery on the part of the husband does not give a wife, unrestrained by morality or personal dignity, a right to act forever in a licentious manner and still command support from her husband. Support laws, however, were not promulgated for the purpose of rewarding a wife's good behavior. An order of support seeks to secure a reasonable allowance for the maintenance of the wife so that she may not become a charge of the state. *Commonwealth ex rel. Bassion v. Bassion,* 199 Pa.Super. 541, 185 A.2d 822 (1974). Thus, although it is true that the only cause which will justify a husband's refusal to support his wife is conduct on her part, such as adultery, which would be a valid ground for divorce, *Commonwealth ex rel. Herman v. Herman,* 95 Pa.Super. 510 (1929), we must not focus our attention solely upon the wife's conduct in reviewing her right to support. We must look at all the circumstances present in each case. If we were to mechanically apply the appellee's inflexible rule, if we did not view each case in its entirety, then certainly we would eventually occasion an inequitable termination of support.

On appeal, an order of support will not be disturbed unless there is a clear abuse of the trial court's discretion in awarding support. *Commonwealth Ex. Rel. Carmack,* 268 Pa.Superior Ct. 198, 407 A.2d 1314 (1979); *Hellman,* supra.

■ Both *Carmack,* supra and *Hellman,* supra, involved situations where both spouses had been unfaithful; in both it was held to be within the trial court's discretion to award support. In the current appeal appellant emphasizes that his wife accepted him back after his infidelity and therefore she cannot now use his prior conduct to justify support in spite of her own questionable conduct. Appellant would have this court limit our focus only to his wife's conduct; this is exactly what *Hellman,* supra held we should not do. But cf. *Commonwealth Ex Rel. D'Andrea v. D'Andrea,*

262 Pa.Superior Ct. 302, 396 A.2d 765 (1978) (proof that the spouse from whom support is sought has committed adultery does not automatically warrant award of support).

Looking to the situation as a whole, we cannot find that the lower court abused its discretion. The marital home was owned by the husband's mother. The wife was with limited marketable job skills and was unsuccessful in finding employment. The court deemed support necessary so that the wife could continue her academic training until she was able to secure employment.

## II. THE CONVERSION NUNC PRO TUNC OF THE SUPPORT ORDER TO ALIMONY PENDENTE LITE.

As appears fairly clearly from the docket entries and the summary of procedural events, this case has dragged itself out over a long period of time. Except for the inability to secure a transcript of the hearing of November 30, 1978, the appeal from the order of support entered on January 16, 1979, presumably would have been processed in due course on the basis of the record of proceedings as of January 16, 1979.

The various steps taken in the lower court from the time the first appeal was taken, up to December 17, 1980, when Judge Kaplan entered his order, amending the previous order for support into an order for alimony pendente lite, were directed legitimately and reasonably at the objective of preparing a record for a review by the appellate court of the January 16, 1979 order for support. In those circumstances, even though we sympathize with the lower court's motivation: judicial economy; the prevention of further delay; the equities favoring the wife; we believe the amending order nunc pro tunc was improperly entered.

Under Rule 1701 Pennsylvania Rules of Appellate Procedure the trial court is divested of its jurisdiction during the pendency of an appeal. *Commonwealth v. Gottshalk,* 276 Pa.Superior Ct. 102, 106 n. 5, 419 A.2d 115,

117 n. 5 (1980). The December 17, 1980 order was entered after appellant's notice of appeal at No. 134 April Term 1979 and unless such order came within the exceptions stated in Rule 1701(b), such order was improper. Rule 1701(b)(1) permits the court to correct formal errors or cause the record to be transcribed. Appellant moved to reconstruct the record pertaining to November 30, 1978; such was permissible. However, the court went on to clarify its order for support of January 16, 1979 to require the payment of alimony pendente lite. Such modification, in light of the court's specific dismissal of the alimony pendente lite claim on January 16, 1979, was not permissible. See *Ferencak v. Moore*, 300 Pa.Superior Ct. 28, 445 A.2d 1282 (1982) (Opinion by Van der Voort, J.).

Therefore, the order entered January 16, 1979 is affirmed; the order entered December 17, 1980 is ordered stricken.