**Miller v. Miller**

*Timothy J. Shultis,* for complainant.
*Michael A. George,* for defendant.

KUHN, *J.,* November 7, 1994—The record in this case reveals the following evidence. The parties were married on May 17, 1975, and are the parents of two children, now 14 and 17 years of age. In January 1993, husband admitted to wife that he was seeing another woman. Wife was willing to forgive husband if he stopped that involvement. Instead, on February 18, 1993, husband moved in with his paramour, Sherry Crouse.

On February 24, 1993, wife initiated a support complaint on behalf of herself and the children. A conference was scheduled for April 12, 1993. Meanwhile, husband returned to the marital home on March 24, 1993, causing wife to withdraw the support action of the basis of reconciliation.

Husband again moved in with Ms. Crouse on May 14, 1993, and has resided there ever since. Ms. Crouse is pregnant with husband's child. On May 18, 1993, wife filed another support complaint which resulted in both a child and spousal support order being entered on August 26, 1993.

On May 26, 1994, husband filed the instant petition for modification and claimed that wife was residing with another man. At hearing wife admitted that from February or March of 1994, through the beginning of July 1994, she was spending 3-4 nights per week with Charlie Hayes at her home while the other nights of the week were spent at Mr. Hayes' home. Since early July, the overnight arrangements have been limited to Mr. Hayes' residence on weekends. Wife admits to a sexual relationship with Mr. Hayes and to doing his laundry.

The sole issue is whether wife's ongoing affair is a basis to terminate husband's spousal support obligations.

It is well settled that the obligation of spousal support continues until it is shown by clear and convincing evidence that the conduct of the dependent spouse provides a ground for divorce. *Roach v. Roach*, 337 Pa. Super. 440, 443, 487 A.2d 27, 28 (1985). Adultery is a ground for divorce. 23 Pa.C.S.§3301(a)(2). Here, clearly wife has been engaged in adulterous conduct. However, that conduct standing alone is not dispositive. Ever since *Hellman v. Hellman*, 246 Pa. Super. 536,

371 A.2d 964 (1977) the law has clearly provided that the court must also receive evidence, if any, of husband's adulterous conduct. *Hellman* cautioned against the court merely balancing one party's misdeeds against another. *Id.* at 544 n.2, 371 A.2d at 968 n.2. Nevertheless, that is exactly what has occurred in subsequent cases.[1] Although *Hellman* was limited to the issue whether the trial court abused its discretion in refusing to hear evidence of the obligor-spouse's infidelity it did pronounce the guideline which has been subsequently followed:

"We agree with the (husband) that an act of adultery on the part of the husband does not give a wife, unrestrained by morality or personal dignity, a right to act forever in a licentious manner and still command support from her husband. Support laws, however, were not promulgated for the purpose of rewarding a wife's good behavior. An order of support seeks to secure a reasonable allowance for the maintenance of the wife so that she may not become a charge of the state.... Thus, although it is true that the only cause which will justify a husband's refusal to support his wife is conduct on her part, such as adultery, which would be a valid ground for divorce ... we must not focus our attention solely upon the wife's conduct in reviewing her right to support. We must look at all the circumstances present in each case." *Id.* at 543, 371 A.2d at 967. (citations omitted)

In *Commonwealth ex rel. D'Andrea v. D'Andrea*, 262 Pa. Super. 302, 396 A.2d 765 (1978) husband separated from wife and lived openly with another woman. Nearly 2 1/2 years after separation wife became involved with

---

1. See concurring opinion by Judge Sparth in *Commonwealth ex rel. Carmack v. Carmack*, 268 Pa. Super. 198, 407 A.2d 1314 (1979).

another man in what the trial court determined to be an adulterous affair which included a large number of overnight visits and maintenance of some of the gentleman's personal items in wife's residence. The affair had continued for approximately eight months up to the time of hearing. A denial of spousal support was not considered an abuse of discretion. This case illustrates that husband's adultery alone would not automatically condone wife's subsequent behavior and entry of a support order. As will be seen below the relative amount of adulterous conduct by the obligee seems to play a significant role in the final analysis.

In *Commonwealth ex rel. Carmack v. Carmack*, 268 Pa. Super. 198, 407 A.2d 1314 (1979) husband was involved with a Ms. Johnson for two years prior to separation and thereafter. Wife requested reconciliation but husband refused. Thereafter on two occasions wife had sexual relations with another man. Under these circumstances the entry of a spousal support award was not considered an abuse of discretion.

In *Schreiber v. Schreiber*, 308 Pa. Super. 243, 454 A.2d 112 (1982), husband was involved in an affair over a substantial period after the parties' initial separation. After wife learned of the affair and while still living apart, the parties engaged in several acts of sexual intercourse. Husband subsequently filed for divorce and moved back into the marital home. Approximately four months later wife had an affair, the extent of which is unreported but, which apparently lasted no more than several months. Husband left again nearly 10 months after learning of wife's affair. Here, entry of a spousal support award was likewise not considered an abuse of discretion.

The case sub judice is more akin to *D'Andrea* than the others cited herein. See also, *Hall v. Hall*, 19

D.&C.3d 623 (Monroe Co. 1981). We, therefore, conclude that husband's petition should be granted. Accordingly, the attached order is entered.

ORDER

And now, November 7, 1994, defendant's petition for modification filed May 26, 1994, is granted and his spousal support obligation is suspended effective that date.