429 A.2d 639

**Charles RENK and James Spratt**

v.

**Julian J. CORDICE and Ryder Truck Lines, Inc.**

**APPEAL of CITY OF PITTSBURGH.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed Feb. 27, 1981.

Reargument Denied May 27, 1981.

Petition for Allowance of Appeal Denied Nov. 17, 1981.

Arthur J. Gilkes, Jr., Assistant City Solicitor, Pittsburgh, for appellant.

Louis M. Tarasi, Jr., Pittsburgh, for Renk and Spratt, appellees.

William C. Walker, Pittsburgh, for Cordice and Ryder, appellees.

Before PRICE, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

This is an appeal by the City of Pittsburgh from the Order of the Court of Common Pleas of Allegheny County granting appellees' petition to enforce settlement and strike the appellant's lien.

Appellees Renk and Spratt are members of the police department of the appellant City of Pittsburgh. Appellees sustained injuries as the result of a vehicle accident which occurred while they were on active duty. The City was required to pay to appellees their full salary during their incapacity resulting from said injuries. This is mandated by the Act of June 28, 1935. P.L. 477 § 1, as amended, 53 P.S. § 327, which provides in part as follows: "Any policeman * * * of any * * * city * * *, who is injured in the performance of his duties * * *, and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the * * * municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by such * * * municipality. During the time salary for temporary incapacity shall be paid by the * * * city * * *, any workmen's compensation, received or collected by a policeman * * * for such period, shall be turned over to such * * * city * * *, and paid into the treasury thereof, and if such payment shall not be made by the policeman * *, the amount due the * * * city * * * shall be deducted from any salary then or thereafter becoming due and owing: * *."

It is to be noted that the above act contains no specific provision giving the City the right to recover against a third

party for payments made by it to injured policemen. However, in a well-structured opinion dealing with an exact situation, this Court stated that the City does have the right of subrogation based upon considerations of equity and good conscience; *Furia v. City of Philadelphia*, 180 Pa.Super. 50, 118 A.2d 236 (1955). See also *Workmen's Compensation Appeal Board v. Del Vecchio*, 23 Pa.Cmwlth. 244, 351 A.2d 691 (1976); 74 A.L.R.3d 854, Sec. 7, Page 880, Sec. 34, Page 941.

Subsequently, appellees initiated an action in trespass against the driver of the other vehicle and his employer. Following five days of trial, the case was settled for $110,-000.00 ($105,000.00 to appellee Spratt and $5,000.00 to appellee Renk).

The City, in the interim, had paid appellee Spratt the sum of $85,000.00 and appellee Renk $1,456.00. The City filed a lien for said amounts against the proceeds of the settlement and thereafter refused to reduce or compromise its lien.

Appellant and appellees could not agree on the distribution of the proceeds of the settlement and the aforementioned petition was filed, bringing the issue before the court.

The court below by order of Judge Nickolas P. Papadakos dated March 28, 1978, distributed the proceeds of the settlement fund as follows:

"AS TO JAMES SPRATT

TOTAL AMOUNT OF SETTLEMENT-$105,000.00

TO: Conte, Courtney and Tarasi, the sum of $42,000.00 for their fee in representing James Spratt; based upon a 40% contingent fee agreement with their client, James Spratt;                                    $42,000.00

TO: Conte, Courtney and Tarasi, the sum of $25,200.00 for their fee in protecting the subrogation rights of the City of Pittsburgh;                                          $25,200.00

TO: Conte, Courtney and Tarasi, the sum of $3,247.08 for reimbursement of expenses for the James Spratt action;                       $ 3,247.08

TO: The City of Pittsburgh, the sum of
$34,552.92 which represents the balance
of the settlement fund;                              $34,552.92
                              TOTAL       $105,000.00[1]

### AS TO CHARLES RENK

TOTAL AMOUNT OF SETTLEMENT - $5,000.00

TO: Conte, Courtney and Tarasi, the sum of
$2,000.00 for their fee in representing
Charles Renk; based upon a 40% contingent
fee agreement with their client, Charles
Renk;                                                $2,000.00

TO: Conte, Courtney and Tarasi, the sum of
$582.50 for their fee in protecting the
subrogation rights and lien (in the amount
of $1,456.25) of the City of Pittsburgh;             $582.50

TO: Conte, Courtney and Tarasi, the sum of
$742.07 for reimbursement of expenses
for the Charles Renk Action (64% to be
paid by Charles Renk and 36% to be paid
by the City of Pittsburgh;                           $742.07

TO: The City of Pittsburgh, the sum of $606.61
which represents their lien of $1,456.25
minus their pro-rata share of expenses
and attorneys fees;                                  $606.61

TO: Charles Renk; the sum of $1,068.82 which
represents his share of the settlement,
minus attorneys fees, the City of Pittsburgh
lien and his share of expenses;                      $1,068.82
                              TOTAL       $5,000.00"

1. This result is obviously improper. The appellee-plaintiff Spratt
would not share in the proceeds of the settlement. (Appellee's
counsel, to his credit, advised the court that he intended to give to
appellee Spratt the $25,200.00 that this distribution would award said
counsel as attorneys fees due him from the City of Pittsburgh). This
schedule of distribution is further defective due to the fact that it
fails to pro-rate the attorneys fees and expenses between that portion
of the settlement to be retained by the appellee Spratt, and that
portion to which appellant-City is subrogated.

■ The City then filed the within appeal, alleging that the settlement distribution, supra, was improper in that it awarded appellees' attorneys a total fee of $69,782.00 for obtaining a $110,000.00 settlement. It is the position of the City that the attorneys fees should not exceed 40% of the $110,000.00 settlement or $44,000.00, and that they should be pro-rated, along with the costs, between that portion of the fund to be retained by the appellees (police officers) and that portion to which the City, appellant, was subrogated. We agree.

The appeal was filed April 10, 1978.

In an Opinion filed January 29, 1979, Judge Papadakos indicated his then awareness of the holding set forth in *Furia v. Philadelphia*, 180 Pa.Super. 50, 118 A.2d 236 (1955) to the effect that in situations such as we have before us it is mandatory to require the pro-ration of attorney's fees and costs between the injured policeman (plaintiff) and the City (subrogee). On page 5 of his Opinion Judge Papadakos stated:

"Therefore, in view of the existing case law, the correct mechanics of the distribution in the instant case is as follows: Settlement less 40% attorney's fees ($105,000.00 less $42,000.00). This leaves $63,000.00 to the City as subrogee. However, since the City must share pro rata in attorney's fees, the CITY MUST *REIMBURSE* THE PLAINTIFF 40% of $63,000.00 or $25,200.00.

The Plaintiff, in actuality, pays $16,800.00 toward the $42,000.00 attorney's fees and the City pays their pro rata share of $25,200.00 toward the $42,000.00 attorney's fees. The end result is:

Plaintiff receives $25,200.00 via *reimbursement*; The City receives $37,800.00; and the attorney receives $42,-000.00.

However, there are $3,247.08 in costs involved in this case and they must be prorated. The Order of March 28, 1978, is amended insofar as the costs to be prorated as follows:

The City received $63,000.00 from the $105,000.00 funds; $63,000.00 is 60% of $105,000.00. The City must contribute 60% of the costs of the case or $1,948.20. The remaining 40%, or $1,298.80, is the Plaintiff's share of the costs. *Therefore, the Order reads as follows* :

```
Plaintiff receives $25,200.00 less $1,298.80
(costs) or                                    $23,901.20

City receives $37,800.00 less $1,948.20
(costs) or                                    35,851.80 .

Attorney receives $42,000.00 plus
$3,247.00 (costs) or                          45,247.00
```

Plaintiff RENK'S award is to be computed in the same manner as above."

■ This method of computation is also incorrect. The court failed to pro-rate the attorneys fees and costs between that portion of the settlement to be awarded appellees (police officers) and that portion of the settlement to which appellant (City) was subrogated, in accordance with the mandate set forth in § 319 of the Workmen's Act, 1915 June 2, P.L. 736, Art. III, as amended, 77 P.S. § 671, which was adopted by this Court in *Furia,* (supra).

■ In addition, the court below, in its Opinion dated January 29, 1979, attempted to amend its Order of March 28, 1978, nine months following the filing of the within appeal. This was improper, it flys in the face of the provisions of Rule No. 1701(a) of the Pennsylvania Rules of Appellate Procedure, which provides as follows:

Rule 1701.  Effect of·Appeal Generally.

(a) General rule.—Except as otherwise prescribed by these rules, *after an appeal is taken* or a petition for allowance of appeal is filed in a matter or review of a quasi-judicial order is sought, *the lower court or other government unit may no longer proceed further in the matter.* (Emphasis added).

The case at bar is controlled by this Court's opinion in *Furia v. City of Philadelphia*, supra, wherein the facts are identical. There, the court compared the within situation to that wherein the Workmen's Compensation Act makes specific provisions for subrogation and the proration of attorneys fees and expenses between the employee and his employer. The court discussed Section 319 of the Workmen's Compensation Act, 1915 June 2, P.L. 736, Art. III as amended, 77 P.S. § 671, which provides in part as follows:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under the article by the employer; *reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe*, his personal representative, his estate or his dependents. *The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement.* Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation." (Emphasis added).

This Court then stated at 118 A.2d 239:

"The same considerations which prompted the legislature to correct the above mentioned inequity should prompt a court, when dealing with the equitable principle of subrogation, to require the proration of attorney's fees and costs between the injured policeman and the city."

This Court further stated at 118 A.2d 241:

"In the present case the attorney was not employed by the city to collect moneys or revenue due the city or

recover public funds belonging to the city. He was employed by a private citizen to attempt to obtain damages for injuries sustained by the citizen. Unless he could establish that the third party tort-feasor was negligent and that his client was free from negligence, no fund would be created to which the city could look for reimbursement for the payments it made to the policeman during his temporary incapacity. The money which was paid to the policeman by the third party's insurance carrier was compensation for the damages he sustained and did not represent revenue or moneys due the city. This money was to compensate the policeman for his pain and suffering, depreciation in earning capacity and medical expenses which he had incurred. The equitable claim of the city as a subrogee in the fund thus created is an equitable one which required it to do equity by contributing a pro rata share of the costs involved in the creation of the fund."

It therefore becomes the function of the court to pro-rate the attorneys fees and costs between that portion of the settlement to be retained by the appellees (police officers) and that portion of the settlement to which the appellant (City of Pittsburgh) was subrogated.

We are of the opinion that the settlement must be distributed as follows:

In Re: Appellee Spratt

| | |
|---|---|
| Amount of Settlement | $105,000.00 |
| Attorneys Fees (40% of the Settlement) | $ 42,000.00 |

The City is subrogated to the sum of $85,000.00, or 81% of $105,000.00.
Appellee Spratt is entitled to the $20,000.00 balance, or 19% of $105,000.00.

The portion of the fund to which the City is subrogated ---$85,000.00
    Minus: (1) The City's pro-rata share of
           the attorneys fees
           (81% of $42,000.00) ---$34,020.00

        (2) The City's pro-rata share of
           the costs
           (81% of $3,247.00) --- $2,630.07

Total Deductions as to the
Appellant-City - - - - - - - $36,650.07

$36,650.07

Balance Due Appellant City of Pittsburgh                    $48,349.93

The portion of the settlement remaing for
Appellee Spratt - - - - - - - - - - - - - - - - - - $20,000.00

Minus: (1) Spratt's pro-rata share of
the attorneys fees
(19% of $42,000.00)   - - - $7,980.00

(2) Spratt's pro-rata share of
the court costs
(19% of $3,247.00)    - - - $616.93

Total Deductions as to Spratt              $8,596.93          $8,596.93

Balance Due Spratt                                         $11,403.07

In Re: Appellee Renk

Amount of Settlement                        $5,000.00
Attorneys Fees (40% of the Settlement)      $2,000.00

The City is subrogated to the sum of $1,456.25, or 29% of $5,000.00.
Appellee Renk is entitled to the balance of $3,543.75, or 71% of $5,000.0(

The portion of the fund to which the City is subrogated---$1,456.25
Minus: (1) The City's pro-rata share of
the attorneys fees
(29% of $2,000.00)  - - -$580.00

(2) The City's pro-rata share of
the costs
(29% of $742.07)       - - -$215.21

Total Deductions as to
Appellant-City - - - - - - - $795.21              $795.21

Balance Due Appellant City of Pittsburgh            $661.04

The portion of the fund remaining for
Appellee Renk- - - - - - - - - - - - - - - - - - - -$3,543.75

Minus: (1) Renk's pro-rata share of
the attorneys fees
(71% of $2,000.00) - - -$1,420.00

(2) Renk's pro-rata share of
the costs
(71% of $742.07) - - - $526.86

Total Deductions as to Appellee Renk        $1,946.86          $1,946.86

Balance Due Renk                                          $1,596.89

Therefore, the funds involved in the within disputed settlements are to be distributed in the following manner:

Schedule of Distribution of the $105,000.00 Spratt Settlement

| | |
|---|---:|
| TO: The Appellee Spratt | $11,403.07 |
| TO: The Appellant City of Pittsburgh | $48,349.93 |
| TO: Conte, Courtney and Tarasi, Attorneys Fees | $42,000.00 |
| TO: Conte, Courtney and Tarasi, Reimbursement of Court Costs and Expenses | $ 3,247.00 |
| TOTAL | $105,000.00 |

Schedule of Distribution of the $5,000.00 Renk Settlement

| | |
|---|---:|
| TO: The Appellee Renk | $1,596.89 |
| TO: The Appellant City of Pittsburgh | $ 661.04 |
| TO: Conte, Courtney and Tarasi, Attorneys Fees | $2,000.00 |
| TO: Conte, Courtney and Tarasi, Reimbursement of Court Costs and Expenses | $ 742.07 |
| TOTAL | $5,000.00 |

The order of the lower court is reversed. The case is remanded with a directive to said court to distribute the proceeds of the settlement in compliance with the foregoing opinion.