482 A.2d 1062

## METROPOLITAN EDISON COMPANY

### v.

### OLD HOME MANOR, INC., Appellant.

Superior Court of Pennsylvania.

Argued June 20, 1984.

Filed Oct. 5, 1984.

Petition for Allowance of Appeal Denied Feb. 22, 1985.

Michael E. Calderone, Pittsburgh, for appellant.

John M. Cramer, Reed, Smith, Shaw & McClay, Pittsburgh, for appellee.

Before TAMILIA, JOHNSON and MONTGOMERY, JJ.

TAMILIA, Judge:

This is an appeal from the Order of the Court of Common Pleas of Indiana County entered July 26, 1982, amending a prior order of the Court of June 8, 1982 and adding prejudgment interest to a jury verdict rendered in favor of appellee, Metropolitan Edison Company, and against appellant, Old Home Manor, Inc. For the reasons stated below, we affirm.

An action in assumpsit was filed by Metropolitan Edison Company (hereinafter Met-Ed) on May 6, 1977 seeking the return of the balance of monies deposited with appellant pursuant to the parties' contract for a supply of coal. Appellant contended that the remaining balance of the monies deposited was $225,648.80; Met-Ed contended that the amount was $225,894.05. On November 3, 1981, the jury, after being instructed by the trial judge to consider only the liquidated sum proffered by appellant since Met-Ed produced no credible testimony to support its figure, returned a verdict in favor of Met-Ed in the amount of $225,648.80. Following the jury verdict, Met-Ed noted on the record its request for prejudgment interest which had been sought in both its complaint and pre-trial statement. Thereafter, on November 18, 1981, Met-Ed filed a praecipe for entry of judgment in the amount of the jury's verdict with interest at six (6) per cent from January 30, 1976, a date seven days after Met-Ed demanded return of the deposit by letter to appellant. However, prior to the filing of the praecipe, appellant had filed timely post-trial motions that had not been disposed of by the lower court. Consequently, the parties consented to strike the judgment that had been entered by the prothonotary. See Pa.R.C.P. 1039. By order of the lower court, dated December 16, 1981, the judgment was stricken.

On June 8, 1982, the lower court issued its opinion denying appellant's post-trial motions and order directing the entry of judgment "in accordance with the jury's verdict". On June 9, 1982, notice of entry of judgment was sent to the parties by the prothonotary. Said notice made no

reference to an award of prejudgment interest. On June 15, 1982, Met-Ed filed a second praecipe for entry of judgment with interest at six (6) per cent from January 30, 1976. A second notice of entry of judgment was attached thereto although this notice bore the date of June 9, 1982 and referenced the praecipe filed by appellant on June 15, 1982.

Appellant filed its notice of appeal on June 18, 1982 from the judgment upon the jury verdict entered June 9, 1982.[1] Counsel for Met-Ed learned it was appellant's position that the amount for appellant's appeal bond, based on the order of June 8, 1981, should provide only for the principal sum found owing to the appellant and not include interest. On June 29, 1982, Met-Ed filed a petition for correction of judgment in the lower court to include interest. The lower court issued a rule to show cause. Appellant filed a response to the petition, argument was held and on July 26, 1982, the lower court issued an opinion and order amending the order of June 8, 1982 so that the second sentence of that order provided, "Judgment in accordance with the jury's verdict should be entered in the amount of $225,648.80 with costs, and interest at a rate of six per cent (6%) from January 30, 1976 to the date of entry of judgment". On August 11, 1982, appellant filed a notice of appeal from the order of July 26, 1982. This Court granted appellant's application for a stay of the order of July 26, 1982 on September 13, 1982.[2]

1. Appellant's appeal regarding the jury verdict is pending in our Court at No. 674 Pittsburgh, 1982.

2. Regarding the two notices of entry of judgment dated June 9, 1982, the lower court in its opinion attempts to rationalize the two and to incorporate the award of interest specified in the Met-Ed praecipe for entry of judgment filed on June 15, 1982. We concur that the entry of judgment date is June 9, 1982. However, we are of the opinion that the June 9th judgment did not contain prejudgment interest. Two notices of entry of judgment exist; one containing no interest prepared pursuant to the lower court's June 8th order; the other containing interest pursuant to praecipe prepared by Met-Ed. The judgment index, however, indicates that judgment was entered on June 9th by direction of the lower court's order of June 8th (R. 7a). Furthermore, it is difficult to discern how the judgment entered on June 9th derives from the praecipe dated June 10th and filed on June 15th. Moreover, at the time appellant filed its notice of appeal from the June 9th judgment (now pending at No. 674 Pittsburgh, 1982), it appears that the docket was devoid of an entry concerning prejudgment interest. Finally, Met-Ed's petition for correction of judgment concedes that the June 9th judgment was entered without prejudgment interest.

■ Appellant first contends that Met-Ed waived its right to prejudgment interest since it failed to request the issue be submitted to the jury and failed to except to the lower court's charge containing no relevant instruction. Appellant cites *Tibbetts v. Prudential Insurance Company of America*, 313 Pa. 310, 169 A. 382 (1933) wherein the Supreme Court of Pennsylvania held that a trial court could not amend a jury's verdict to include interest where the court had "failed to instruct the jury that interest [should] be allowed in the event of recovery of a liquidated debt." *Id.*, 313 Pa. at 316, 169 A. at 384. The court reasoned that "[a]s the jury was not instructed that interest might be allowed, it [could] not be said that [the jury] intended to make it part of the verdict, a fact which excludes the right of the court to do so." *Id.*, 313 Pa. at 316, 169 A. at 384–85; *see generally House of Pasta, Inc. v. Mayo*, 303 Pa.Super. 298, 449 A.2d 697 (1982); *Kardibin v. Associated Hardware*, 284 Pa.Super. 586, 426 A.2d 649 (1981). The court added that plaintiff's "failure to raise the question at trial would not only furnish no ground for subsequently raising the point on appeal, but would constitute a waiver of the point." *Id.*, 313 Pa. at 317, 169 A. at 384–85.

*Tibbetts*, however, is inapposite because here, the trial judge, not the jury, determined the amount of the initial verdict since he directed the jury to consider only appellant's proffered liquidated sum of the amount owed to Met-Ed after finding the liquidated sum proffered by Met-Ed to be unsupportable. *See and compare Jonnett Development Corporation v. Dietrich Industries, Inc.*, 316 Pa. Super. 533, 550, 463 A.2d 1026, 1035 (1983). The issue of the amount of a verdict was taken away from the jury and only the issue of liability under the subject contract was left for their determination. Thus, the lower court was empowered to modify subsequently the amount of the verdict without intrusion upon the jury's province. *Id.*, 316 Pa.Superior Ct. at 550, 463 A.2d at 1035. Moreover, unlike *Tibbetts*, the instant case does not present an attempt by the lower court to modify a verdict upon its own motion, as

here the verdict was amended pursuant to Met-Ed's petition for correction of judgment.

Instead, we believe case law subsequent to *Tibbetts* reflects the present state of the law in this area. In *Commonwealth to the Use of Walters Tire Service, Inc. v. National Union Fire Insurance Company*, 434 Pa. 255, 252 A.2d 593 (1969), the Pennsylvania Supreme Court rejected the argument that the trial court erred in molding the jury's verdict to add interest when the question of interest had not been submitted to the jury. *Accord, Thomas v. Allegheny and Eastern Coal Company*, 309 Pa.Super. 333, 455 A.2d 637 (1982) (proper for court that directed verdict to mold verdict adding interest). Thus, in *Oxford Manufacturing Company, Inc. v. Cliff House Bldg. Corporation*, 224 Pa.Super. 387, 307 A.2d 343 (1973), our Court directed the addition of interest to the jury verdict where the issue of interest had been submitted to the jury which refused to award interest.[3] We noted that the question of interest upon money owing on a contract is not a matter of discretion for the jury. As we stated in *Gold & Company, Inc. v. Northeast Theater Corporation*, 281 Pa.Super. 69, 76, 421 A.2d 1151, 1154–55 (1980):

> In a contract action, the award of such interest does not depend upon discretion, *but is a legal right. Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 108, 117 A.2d 721, 722 (1955); *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55, 68 (1884). It must be awarded despite the good faith of the party contending the claim.
>
> . . . .
>
> This rule is applicable despite the fact that the creditor's demands were in excess of the amount due. (emphasis added)

*See also, Daset Mining Corporation v. Industrial Fuels Corporation*, 326 Pa.Super. 14, 473 A.2d 584 (1984).

---

**3.** We note that we have authority to mold the verdict by adding interest. *Berkeley Inn, Inc. v. Centennial Insurance Company*, 282 Pa.Super. 207, 422 A.2d 1078 (1980).

Thus, because it is clear that Met-Ed's right to prejudgment interest is not contingent upon a submission of the issue to the jury, appellant's waiver argument is without merit.

 Appellant further contends that the lower court lacked jurisdiction to amend its order of June 8, 1982, and the judgment entered therefrom on June 9, 1982, since notice of appeal to this Court was filed on June 18, 1982. (The court's perfected order was entered on July 26, 1982.) We disagree. The lower court's action was correct and timely since "after an appeal is taken ... the lower court ... may ... correct formal errors in papers relating to the matter." Pa.R.A.P. 1701(b)(1). Ordinarily, a lower court is divested of its jurisdiction during the pendency of an appeal. *Schreiber v. Schreiber*, 308 Pa.Super. 243, 454 A.2d 112 (1982); *Ingram v. Dovertown Estates, Inc.*, 307 Pa.Super. 22, 452 A.2d 884 (1982); *Ferencak v. Moore*, 300 Pa.Super. 28, 445 A.2d 1282 (1982); *Renk v. Cordice*, 286 Pa.Super. 512, 429 A.2d 639 (1981); Pa.R.A.P. 1701(a). However, in *Fish v. Gosnell*, 316 Pa.Super. 565, 584–85, 463 A.2d 1042, 1052 (1983) we held that the court did not err in modifying a verdict to reflect pre-award interest under Pa.R.C.P. 238, even though it was done beyond the thirtieth day after entry of judgment, since the modification was a permissible correction to a formal error in the court's papers. Pa.R.A.P. 1701. Although the addition of delay damages under Rule 238 applies only to tort cases, not contract cases, *see Reliance Universal, Inc. v. Ernest Renda Contracting Company, Inc.*, 308 Pa.Super. 98, 454 A.2d 39 (1982), addition of prejudgment interest in a contract case, like addition of delay damages under Rule 238, is a matter of legal right. *See Daset Mining Corporation, Gold & Company, Inc.* and *Oxford Manufacturing, supra.* Computation of interest is a "simple clerical matter based upon dates and amounts appearing on the face of the record." *Fish v. Gosnell, supra*, 316 Pa.Super. at 584–85, 463 A.2d at 1052. Thus, the lower court's adding prejudgment interest to the verdict, even though it was done after

an appeal was taken, was permissible under Pa.R.A.P. 1701(b)(1). *See also, Kingsley Clothing Manufacturing Company v. Jacobs,* 344 Pa. 551, 26 A.2d 315 (1942); *Diehl v. Keystone Alloys Company,* 189 Pa.Super. 149, 153, 149 A.2d 479, 481 (1959), rev'd on other grounds, 398 Pa. 56, 156 A.2d 818 (1959). Accordingly, we will not disturb the judgment as corrected by the order of July 26, 1982.

Order affirmed.