500 A.2d 479

**Dominic VERNER and Helen Verner, Appellant at No. 707 Pgh. 1984,**

v.

**George L. SHAFFER and George L. Shaffer, Jr., Appellant at No. 586 Pgh. 1984.**

Superior Court of Pennsylvania.

Argued March 18, 1985.

Filed Nov. 8, 1985.

John J. Petrush, Beaver, for appellants (at 707) and appellees (at 586).

Robert J. Taylor, Ambridge, for appellants (at 586) and appellees (at 707).

Before BROSKY, ROWLEY and FEENEY,* JJ.

FEENEY, Judge:

This case is before us on cross-appeals filed by plaintiffs Dominic Verner and Helen Verner (No. 707 Pittsburgh, 1984) and by defendants George L. Shaffer and George L.

---

\* The Honorable John M. Feeney, Judge of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

Shaffer, Jr. (No. 586 Pittsburgh, 1984) to entry of judgment on the verdict in favor of plaintiffs. A verdict was entered in favor of plaintiffs following a jury trial on plaintiffs' breach of contract action against the defendants as guarantors for V & H Oil Company, (V & H OIL). Plaintiffs filed this action when V & H Oil defaulted on an Installment Sales Agreement involving the sale of certain property by plaintiffs to V & H Oil.

The plaintiffs entered into the Sales Agreement with V & H Oil in July of 1976. Pursuant to the Agreement, V & H Oil was to pay the sale price of $225,000 to the plaintiffs in monthly installments over a fifteen year and five month period. At the same time the Agreement was signed, the defendants executed and delivered to the plaintiffs a separate, written guaranty for the satisfaction of all the obligations of V & H Oil under the Agreement. In September of 1981, V & H Oil filed a Petition for Reorganization under the federal bankruptcy law and continued to operate as a debtor in possession. In August of 1982, V & H Oil went into default under the terms of the Sales Agreement and in September of 1982, the Bankruptcy Court converted the case into a liquidation proceeding. On January 12, 1983, at the plaintiffs' request and pursuant to a Court Order, the Trustee in Bankruptcy executed and delivered to plaintiffs a written "Abandonment and Assignment of Installment Sales Agreement," the effect of which abandoned back to plaintiffs the interests of V & H Oil in the Agreement.

Plaintiffs then filed against the defendant-guarantors a breach of contract action, claiming damages exceeding $115,000. Defendants counterclaimed for restitution for improvements, repairs and additions to the property in the amount of $78,000. After a jury trial, the jury entered a verdict in favor of plaintiffs for $88,398.44, and found in favor of plaintiffs and against defendants on defendants' counterclaim. Subsequently, defendants' post-verdict motions were denied, as was plaintiffs' Motion for Molding of the Verdict to include prejudgment interest from January 12, 1983. Defendants then filed a timely appeal, and plaintiffs filed a timely cross-appeal.

Defendants present two arguments on appeal and plaintiffs make one argument on their cross-appeal. Defendants first contend that the trial court erred in failing to instruct the jury that the plaintiffs' resale of the property in question, which occurred subsequent to the abandonment, for an amount exceeding the defendants' underlying obligation, extinguished that obligation. Second, defendants argue that the trial court erred in failing to instruct the jury that the Deficiency Judgment Act, 42 Pa.C.S.A. § 8102, applied to the facts of this case, and operated to bar plaintiffs' claim. In their cross-appeal, plaintiffs argue that they are entitled to prejudgment interest from January 12, 1983, the time they claim defendants' obligations of payment became mature.

The trial court below rejected defendants' two claims, as well as plaintiffs' sole contention. First, the court found that the defendants had waived their initial claim, alleging trial court error in failing to instruct the jury concerning the resale of the property in question, because defendants did not raise this issue with specificity in their points for charge, nor did they specifically object to the court's alleged omission following the jury charge. *See Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 225, 322 A.2d 114 (1974); *Brancato v. Kroger Co.*, 312 Pa.Super. 448, 458 A.2d 1377 (1983). The court did consider the merits of defendants' second argument, that plaintiffs' failure to comply with the Deficiency Judgment Act barred their recovery, but rejected this argument as meritless. In so doing, the court found that the present case did not involve a "sale" of real property to a "judgment creditor;" therefore the Act was inapplicable. As to plaintiffs' sole claim in their cross appeal, the trial court concluded that plaintiffs were not entitled to prejudgment interest.

After a thorough review of the record, we agree with the trial court's conclusion with respect to the defendants' two claims on appeal, and we therefore affirm as to these issues based on the trial court opinion. However, as to the trial court's rejection of plaintiffs' claim on their cross-appeal that the verdict should be molded to include

prejudgment interest, we disagree. The court refused to mold the verdict because it found that when the Bankruptcy court ordered the Trustee in Bankruptcy for V & H Oil to "abandon" the property to plaintiffs, the contract between the parties was also abandoned, so that full title was restored in the plaintiffs and they became free to dispose of the property to third parties. From this, the court concluded that, since plaintiffs, and not defendants, then had use or control of the property, plaintiffs were not entitled to prejudgment interest.

In their claim for prejudgment interest, however, plaintiffs are not seeking compensation for use and control of the property by defendants after January 12, 1983; they are seeking prejudgment interest based on the damages they incurred prior to the date of the abandonment. As the trial court recognized, prejudgment interest is compensation allowed by law or fixed by contract for the use or detention of a plaintiff's property by the defendant. *See* Barium Steel Corp. v. Wiley, 379 Pa. 38, 108 A.2d 336 (1954). *See also Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Super. 14, 473 A.2d 584 (1984) (Traditionally, Pennsylvania has followed the Restatement (Second) of Contracts § 354, which provides in part: "(1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less deductions to which the party in breach is entitled"). The trial court reasoned that as a result of the abandonment, there no longer existed any contractual obligations between the parties after January 12, 1983, since the property was no longer a part of defendants' estate. There remained, however, an obligation on the part of defendants to compensate plaintiffs for the damages plaintiffs incurred prior to January 12, 1983, as a result of the default on the Sales Agreement. These damages, which the jury calculated as $88,398.84, included such items as the loss resulting from the failure of defendants to maintain the premises in good order and repair, as well as the failure to make certain installment payments under the Installment

Sales Agreement. This amount in damages was due plaintiffs when the Agreement was abandoned back to plaintiffs on January 12, 1983, and plaintiffs are entitled to prejudgment interest at the legal rate of 6% for the deprivation of the use of that money from the date of the abandonment until the date of the verdict, December 7, 1983.

We have stated on a number of occasions that in a contract action, the award of prejudgment interest is not a matter of discretion, but is a legal right. *See, e.g., Gold & Co. v. Northeast Theatre Corp.*, 281 Pa.Super. 69, 421 A.2d 1151 (1980). Moreover, we find that even if the issue of prejudgment interest was not submitted to the jury, the trial court may mold the verdict to include it. *See Commonwealth to the Use of Walters Tire Service, Inc. v. National Union Fire Insurance Co.*, 434 Pa. 235, 252 A.2d 593 (1969); *Metropolitan Edison Co. v. Old Home Manor, Inc.*, 334 Pa.Super. 25, 482 A.2d 1062 (1984). Finally, we note that we have authority to mold the verdict by adding interest, *see Berkeley Inn, Inc. v. Centennial Insurance Co.*, 282 Pa.Super. 207, 422 A.2d 1078 (1980). Accordingly, here we mold the verdict to provide for interest on the sum of $88,398.34 at 6% from January 12, 1983 to December 7, 1983.

The judgment is modified by adding interest as aforesaid.