570 A.2d 569

James L. KESSLER, Individually and Dolores M. Kessler, Individually and James L. Kessler, William J. Levine, and Maurice E. Rapp, Individually, and t/a KLR Associates, a Pennsylvania partnership

v.

OLD GUARD MUTUAL INSURANCE COMPANY and Harleysville Mutual Insurance Co., Appellants,

v.

Duane L. LABAR and Labar's Insurance Agency.

Superior Court of Pennsylvania.

Argued Nov. 2, 1989.

Filed Feb. 27, 1990.

176

Kathie D. King, Philadelphia, for appellants.

Thomas J. Maloney, Bethlehem, for Kessler, Levine and Rapp and t/a KLR Associates, appellees.

Theresa Hogan, Easton, for James Kessler and Dolores Kessler, appellees.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

The issue in this appeal is whether insureds who have recovered a final judgment against their fire insurance carriers can refuse to satisfy the judgment unless the carriers pay them pre-judgment and post-judgment interest in addition to the amount of the judgment. This issue was submitted to the trial court in a separate action for declaratory judgment and was decided in favor of the insureds. We hold that the plaintiff insureds could properly require the insurer-defendants to pay post-judgment interest from the date of the verdict but that the plaintiffs could not refuse to satisfy the judgment merely because the insurers did not tender pre-judgment interest.

On September 2, 1981, a fire destroyed a commercial office and warehouse facility located at 420 Applegate Avenue, Pen Argyl, Northampton County. The real estate was owned by James L. Kessler and Dolores M. Kessler, but it was subject to an agreement of sale in favor of KLR Associates, a partnership which had been formed by James L. Kessler, William J. Levine and Maurice E. Rapp. Be-

cause of this sale, two contracts of insurance were in effect and provided coverage on the date of the fire. Old Guard Mutual Insurance Company had issued a policy of fire insurance to the sellers in the amount of $120,000; and Harleysville Mutual Insurance Company had issued a binder to the buyers in the amount of $200,000. A separate binder had been issued to the buyers by Harleysville and provided coverage for the contents in an amount not to exceed $80,000.

Both insurers denied liability, contending that the fire had been caused by or at the instance of the insureds. Thereafter, an action was filed by the insureds to recover the amount of their fire loss. At trial the parties stipulated that the replacement cost of the real estate improvements was $318,000. Despite this stipulation, the jury, on June 2, 1983, returned a verdict in favor of the insureds for $74,000, representing a loss of $50,000 to the real estate and $24,000 to business personalty. The amount of the verdict was thereafter tendered by the insurers and rejected by the insureds, who filed post-trial motions. Because of the stipulation regarding replacement cost, the trial court, on December 13, 1983, granted the insureds' motion for judgment n.o.v.; and, on January 6, 1984, judgment was entered in favor of the insureds for $342,000. This was based upon damages to real estate in the amount of $318,000, as stipulated by the parties at trial, and damages to personalty in the amount of $24,000, as determined by the jury. The judgment was affirmed on appeal by the Superior Court. See: *Kessler, J v. Old Guard,* 351 Pa.Super. 642, 504 A.2d 366 (1985). The Supreme Court granted allocatur, but the appeal was subsequently dismissed as having been improperly granted. See: *Kessler, J v. Old Guard,* 517 Pa. 82, 534 A.2d 768 (1987).

Thereafter, the insurers offered to pay the principal amount of the judgment, plus post-judgment interest on the amount of $268,000. They contended, however, that interest was not payable on the amount of $74,000 because this sum had been tendered following the return of the jury's

verdict. This was unsatisfactory to the insureds, who claimed post-judgment interest on the full amount of the judgment. The insureds also made claim for pre-judgment interest on $342,000 from the date of the fire until the entry of judgment. Pursuant to agreement, Harleysville thereafter paid to KLR Associates the sum of $262,950, and Old Guard made a payment to the Kesslers in the amount of $143,370. These payments represented principal and interest in the total amount for which the insurers conceded liability. The plaintiffs' right to be paid additional interest was reserved for future litigation.

On August 22, 1988, the insureds filed a petition for declaratory judgment to determine the amount of additional interest, if any, which they were entitled to recover. The trial court held that they were entitled to be paid interest at the rate of six (6%) percent on $342,000, the full amount of the judgment, from the date of the fire on September 2, 1981, until the entry of judgment on January 6, 1984. The court also held that the insureds were entitled to post-judgment interest on the full amount of the judgment from the date of the judgment until payment. Because post-judgment interest had already been paid on $268,000, however, the amount of unpaid, post-judgment interest was to be calculated on the sum of $74,000. The insurers appealed.

█ "The general rule is that a plaintiff is entitled to interest on a judgment from the date of the verdict." *Sands v. Pennsylvania Insurance Guaranty Association,* 283 Pa.Super. 217, 227, 423 A.2d 1224, 1229 (1980). See: 42 Pa.C.S. § 8101.[1] "[F]or purposes of computing interest, judgment and verdict are synonymous, and the date from which interest accrues is the date of verdict, not the date judgment is finally entered." *Incollingo v. Ewing,* 474 Pa. 527, 537, 379 A.2d 79, 84 (1977).

1. The statute provides as follows:
   Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

In the instant case, the jury's verdict was entered on June 2, 1983, in the amount of $74,000. The amount of the verdict, however, was incorrect. The parties had stipulated that the cost of replacing real estate improvements was $318,000. The jury found that personal property, having a value of $24,000, had also been lost. Therefore, on motion of the plaintiff-insureds, the trial court caused judgment n.o.v. to be entered in their favor in the correct amount of $342,000. The jury having found that the plaintiff-insureds were entitled to recover and the court having determined, consistently with the parties' stipulation, that the correct amount of loss was $342,000, post-judgment interest at the rate of six (6%) percent per annum was payable thereon from the date of the verdict.

▇ Our holding is supported by trial court decisions which have held uniformly that in personal injury actions in which the amount of the verdict is reduced by remittitur, the interest begins to run on the reduced amount from the date of the original verdict. See: *Prisco v. North American Furniture Co.*, 19 Pa.D. & C.3d 365 (Lackawanna 1980); *Logue v. Potts Mfg. Co.*, 4 Pa.D. & C.2d 143 (Cumberland 1955). It would seem to follow logically that where the amount of a verdict has been corrected upward by the trial court to reflect the correct amount due, interest should begin to run on the correct amount from the date of the verdict. This is particularly so where, as here, the amount is increased to reflect the parties' stipulation regarding the amount owed.

▇ We conclude, therefore, that the plaintiff-insureds are entitled to recover post-judgment interest calculated on the amount of $342,000 from June 2, 1983, the date of the verdict, until the date of payment, reduced by the amount of post-judgment interest already paid. The running of interest was not tolled by the insurance companies' offer to pay the amount of the verdict returned by the jury. The amount of this verdict, as we have seen, was incorrect; it was inconsistent with the stipulation of the parties regarding the amount of the fire loss. Interest is intended to

compensate a party for money which is used or detained by another. See: Black's Law Dictionary (5th ed. 1979). The amount detained and used by the insurance companies in this case was $342,000, the amount which the insureds were entitled to recover pursuant to their contracts of insurance.

The insurers' offer to pay $74,000 did not toll the running of interest on that amount. Although a sufficient tender may stop the running of interest, the offer in the instant case was insufficient for that purpose. In the first place, the offer did not include interest on the verdict to the date on which it was made. See: *Gold and Co., Inc. v. Northeast Theater Corp.*, 281 Pa.Super. 69, 77, 421 A.2d 1151, 1155 (1980). Secondly, the offer to pay was not unconditional; it was conditional upon the plaintiff-insureds surrendering the balance of their claim. Because the amount of the tender was inadequate, it could properly be rejected. 37 P.L.E. Tender § 1 (1961); *Pitonyak v. Helm*, 59 Pa.D. & C.2d 257 (Armstrong 1972). Finally, the insurers made no effort to pay the sum into court. Instead, they retained possession of the moneys and had the use thereof. See: *Gold and Co., Inc. v. Northeast Theater Corp., supra.* In short, the insurers did not make an unconditional tender of the amount due but merely an offer to settle a disputed claim. When the plaintiff-insureds rejected the offer to settle they did not thereby forfeit the right to be paid post-judgment interest on the amount offered.

The judgment entered by the trial court in favor of the plaintiff-insureds after the first trial did not include pre-judgment interest. The court's failure to award interest was not objected to in the trial court or on appeal. There was no effort made to amend the judgment in the trial court, and the plaintiff-insureds did not appeal from the amount of the judgment entered by the trial court. The judgment entered by the trial court was affirmed on appeal. When the insurers attempted to pay the judgment, however, the plaintiff-insureds demanded pre-judgment interest.

As a general rule, the right to pre-judgment interest on money owing upon contract is a legal right. *Fernan-*

*dez v. Levin,* 519 Pa. 375, 379, 548 A.2d 1191, 1193 (1988). If the breach of contract consists of a failure to pay a definite sum in money, interest is recoverable from the time of performance on the amount due. Restatement (Second) of Contracts § 354(1). Where recoverable, pre-judgment interest may be added to a jury's verdict by the trial court. See: *Commonwealth to the Use of Walters Tire Service, Inc. v. National Union Fire Insurance Co.,* 434 Pa. 235, 242, 252 A.2d 593, 596 (1969); *Verner v. Shaffer,* 347 Pa.Super. 206, 211, 500 A.2d 479, 480 (1985). Pre-judgment interest may also be added to a judgment after an appeal therefrom has been taken. *Metropolitan Edison Co. v. Old Home Manor,* 334 Pa.Super. 25, 482 A.2d 1062 (1984). See also: *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059 (1980). It has also been held that interest may be added, even after thirty days have expired following the judgment, where no appeal from the judgment has been taken. *Fish v. Gosnell,* 316 Pa.Super. 565, 463 A.2d 1042 (1983). Its computation is a "simple clerical matter based upon dates and amounts appearing on the face of the record." *Metropolitan Edison Co. v. Old Home Manor, supra* 334 Pa.Super. at 31, 482 A.2d at 1065, quoting *Fish v. Gosnell, supra* 316 Pa.Super. at 584–585, 463 A.2d at 1052.

In the instant case, however, pre-judgment interest was not added to the jury's verdict, and the judgment entered by the trial court did not contain interest. The judgment, as already observed, has never been amended to include pre-judgment interest. No request to amend the judgment to include pre-judgment interest was ever made to the trial court or to a reviewing court. The judgment, therefore, was a final determination of the amount owed by the insurers to their insureds.

██ The law does not permit the owner of a single or entire cause of action to divide or split that cause so as to make it the subject of several actions. 46 Am.Jur.2d Judgments § 405. See: *Consolidated Coal Co. v. District 5, United Mine Workers of America,* 336 Pa.Super. 354,

364–365, 485 A.2d 1118, 1123 (1984).  The doctrine of res judicata

> is a judicial creation aimed at preventing a multiplicity of suits.  It protects a party from the vexation of having to defend itself against a claim for which a final judgment has already been entered.  Furthermore, it serves the public interest by keeping the courts clear of disputes that have been decisively resolved.  But as a matter of fairness to the party which believes it has a valid claim, the doctrine is not applied unless there in fact was a previous action in which the party did present, or had the opportunity to present, its claim.

*Id.*, 336 Pa.Superior Ct. at 362, 485 A.2d at 1122.

■ Claims for interest are ancillary to and part of a substantive cause of action.  *Franklin Decorators, Inc. v. Kalson*, 330 Pa.Super. 140, 143, 479 A.2d 3, 4 (1984); *Goldberg v. Goldberg*, 306 Pa.Super. 504, 452 A.2d 838 (1982).  "When a valid and final personal judgment is rendered in favor of the plaintiff, the plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment."  Restatement (Second) of Judgments § 18.  After the plaintiff recovers a final judgment, his original claim is extinguished and rights upon the judgment are substituted for it.  "The plaintiff's original claim is said to be 'merged' in the judgment."  Restatement (Second) of Judgments § 18 comment a.  Thus, the finality of a judgment extends not only to matters actually determined but also to matters which could properly have been raised and determined therein.  46 Am.Jur.2d Judgments § 417.

■ In the instant case, the plaintiff-insureds made no attempt in the prior action to amend the judgment, which had been entered by the trial court and affirmed on appeal, to include pre-judgment interest.  In the prior action, therefore, the claim for pre-judgment interest had been waived.  The judgment obtained in that action is now final, not only as to matters determined therein but also as to matters which might have been determined.  The plaintiffs' cause of

action to recover insurance proceeds, including their claim for pre-judgment interest, has merged in the final judgment. A separate action to recover pre-judgment interest cannot be maintained; the claim for pre-judgment interest has been extinguished. The plaintiffs' rights are now determined by the judgment which it recovered in the original action.

We conclude, therefore, that the appellant insurers were entitled to have the judgment against them satisfied upon payment of the principal amount of $342,000, plus post-judgment interest thereon at the rate of six (6%) percent per annum from the date of the verdict. The plaintiffs were not entitled to require payment, in addition, of pre-judgment interest. This claim had merged in the final judgment.

Reversed and remanded for the entry of an adjudication in accordance with this opinion. Jurisdiction is not retained.