## Sun Refining & Marketing Co. v. National Union Fire Insurance Co. of Pittsburgh, Pa.

*William J. Taylor,* and *Eugene S. Boggia,* for plaintiff and additional defendant.
*Janet W. Mason,* for defendant.

McGOVERN, *J.,* December 16, 1991—

## SUPPLEMENTAL OPINION

This opinion is necessitated by a *second* appeal filed by defendant in the above-captioned declaratory judgment action.[1] This court granted a motion for summary judgment in favor of plaintiff, Sun Refining and Marketing Co. and denied a similar motion by defendant, National Union Fire Insurance Co. of Pittsburgh, Pa. The court also awarded counsel fees and costs in that declaratory judgment disposition. The plaintiff requested and was granted a modification of this court's declaratory judgment order so as to provide prejudgment and post-judgment interest at 6 percent per annum.

The relevant facts of the underlying tort action and the declaratory judgment action have been fully developed in the court's original opinion and will not be further repeated here except where necessary. Suf-

---

1. The first appeal filed by defendant is the subject of the original opinion filed concurrently herewith.

fice it to observe at this point that this court found that National was contractually obliged to defend and hold harmless Sun in its handling and settlement of the underlying tort action, and in addition, was obligated to pay the expenses thereto related.[2] The court also concluded in the original opinion that National was solely responsible and that the Travelers Insurance Co., Sun's insurer, was not responsible for the said sums. The total amount awarded was $227,147.47. This amount was represented by both parties as fair, authentic and reasonable, but National contested the award of counsel fees and expenses in either the underlying tort action or the instant declaratory judgment action. The stipulation of facts, together with computer "printout sheets," representing those counsel fees and costs, is exhibit A. The issue as to whether or not the attorneys' fees and expenses awarded arose solely in the underlying tort action or also in this declaratory judgment action has been discussed in the opinion written pursuant to defendant's original appeal and need not here be further pursued. (See original opinion, p. 26 et seq.). See also *First Pennsylvania Bank, N.A. v. National Union Fire Insurance Co. of Pittsburgh, Pa.,* 397 Pa. Super 612, 580 A.2d 799 (1990). The court order of December 3, 1990, awarded $227,147.47 in the underlying tort action *only,* and any fair reading thereof allows for

_____

2. The underlying tort action is captioned *Renee Smith, a Minor, by her parent and natural guardian, Gail Smith, and Gail Smith, individually v. The Borough of Marcus Hook, and Sun Refining and Marketing Co. Inc. and Edward J. Ring Detective Agency, and Walter L. Chandler,* Court of Common Pleas, Delaware County, Pennsylvania, no. 86-10839.

no other conclusion, defendant's position to the contrary notwithstanding.

Plaintiff moved to modify that award to include prejudgment and post-judgment interest, both as to the amount awarded and as well to an amount claimed to have been expended pursuant to the prosecution of the instant declaratory judgment action, but since the date of the award. Plaintiff sought a stay order which was signed and filed January 9, 1991, 30 days following the docketing (on December 10, 1990) of this court's December 3, 1990, order (exhibit B). The stay order is exhibit C. Defendant mistakenly dates the stay order as January 10, 1991; however, the filing docket reflects the January 9, 1991, date. This, second appeal arises from the court's award of prejudgment and post-judgment interest in favor of the plaintiff.

Defendant contends that the trial court lacked jurisdiction to modify its December 3, 1990, order because reconsideration was not specifically granted by the court within 30 days pursuant to Pennsylvania Rule of Appellate Procedure 1701. The defendant also contends that the lower court erred in modifying the original order to allow interest, arguing that plaintiff had not sought recovery of a specific liquidated sum. The third alleged error seems to arise from defendant's having difficulty in understanding the court's order. The concise statement of matters complained of on appeal is the first time the court had any inclination that defendant was experiencing such difficulties. It is respectfully suggested that the order is clear on its face. The court did not consider any evidence de hors the record, nor was the court's decision based on anything other than what was presented to it in the record. It is strange

logic and legal precedent to attempt to reword the order or restructure the order to something other than that which the order itself states. Had the court intended to deny something based on this record, it could have easily so stated. The defendant has in any event waived this third contention since it has never been raised until defendant's appeal and never before the trial court.

The orders entered by this court December 3, 1990, and June 28, 1991, speak for themselves. It is clear that expenses specifically incurred by plaintiff during the declaratory judgment action were never defined or identified in those orders.

## JURISDICTION

Defendant contends that this court lacked jurisdiction to modify its December 3, 1990, order because reconsideration was not specifically granted within the 30-day appeal period.

The order dated December 3, 1990, was in fact docketed December 10, 1990. The order staying proceedings pending resolution of plaintiff's petition was signed January 9, 1991, that is, on the 30th day.

Defendant contends further that once it had filed its appeal from the court's declaratory judgment, the court then was divested from jurisdiction to consider any further petition by the plaintiff. However, the law provides that where an order is modified to correct error in its terms, or to allow prejudgment and post-judgment interest to an ascertainable figure, the lower court may indeed act. Pennsylvania Rule of Appellate Procedure 1701(b)(1). If, on the other hand, the December 3, 1990, order had awarded counsel fees and costs in the

declaratory judgment action and the court considered a petition to modify the amount actually awarded in such instance after defendant had appealed, then defendant would have a viable issue. See *Sidkoff, Pincus & Green, P.C. v. Pennsylvania National Mutual Casualty Insurance Co.*, 521 Pa. 462, 555 A.2d 1284 (1989). As has been noted, such is not the case at bar. The only petition to, and action by, the lower court had to do with prejudgment and post-judgment interest. The lower court's action is quite consistent with Pennsylvania Rule of Appellate Procedure 1701.

Defendant contends further that the court's stay was insufficient to toll the appeal period. See generally *Leonard v. Anderson Corp.*, 300 Pa. Super. 22, 445 A.2d 1279 (1982). However, the Pennsylvania Rules are clear that jurisdiction does exist in a lower court even though an appeal has been filed and discretion to act after the filing of an appeal is left to the lower court, so long as that action is within the aforecited Rules of Appellate Procedure. The award of prejudgment interest is a matter which can properly be so handled. *Metropolitan Edison Co. v. Old Home Manor Inc.*, 334 Pa. Super. 25, 482 A.2d 1062 (1984). There, Judge Tamalia, writing for the Pennsylvania Superior Court, concluded that pre-award interest could be considered by the trial court even beyond the 30-day appeal period and in spite of an appeal having been filed. The Superior Court found no meaningful distinction between tort and contract cases in this regard. The Superior Court observed that:

"[C]omputation of interest is a 'simple clerical matter based upon dates and amounts appearing on the face of the record.' *Fish v. Gosnell*, 316 Pa. Super. 565

at 584-85, 463 A.2d 1042 at 1052 (1983). Thus, the lower court's adding of prejudgment interest to the verdict, even though it was done after an appeal was taken, was permissible under Pa.R.A.P. 1701(b)(1)." *Metropolitan Edison Co. v. Old Home Manor Inc., supra.* at 31-32, 482 A.2d at 1065.

The Pennsylvania Supreme Court has held that interest at the statutory rate of 6 percent per annum is recoverable in a contract action as a matter of right, regardless of when it is demanded. *Fernandez v. Levin,* 519 Pa. 375, 548 A.2d 1191 (1988). Thus, the Pennsylvania appellate courts have concluded that the addition of prejudgment interest and post-judgment interest is consistent with the provisions of Pennsylvania Rule of Appellate Procedure 1701(b)(1), even when an appeal has already been filed and apparently even after the 30-day period within which an appeal can be filed has expired. See also *First Pennsylvania Bank, N.A. v. National Union Fire Insurance Co. of Pittsburgh, Pa., supra.* This latter case allowed an award to plaintiff against this same defendant, National, to be modified upward so as to include attorney's fees and costs incurred in a declaratory judgment action for indemnity where National was also found to have breached a clear contractual duty to indemnify, and was found to have done so in bad faith. *First Pennsylvania Bank, N.A. v. National Union Fire Insurance Co. of Pittsburgh, Pa.,* at 619-621, 580 A.2d at 803-804. The lower court had the jurisdiction to modify its declaratory judgment award and that modification was consistent with the appropriate Rules of Appellate Procedure. Defendant's contention in this regard lacks merit. *Kessler v. Old Guard Mut. Insurance Co.,* 391 Pa. Super. 175, 570 A.2d 569 (1990).

## AWARD OF PREJUDGMENT AND POST-JUDGMENT INTEREST

Defendant contends that the lower court erred in awarding prejudgment and post-judgment interest to plaintiff because plaintiff's original pleadings only sought a determination that National owed a defense and owed indemnification, but did not seek the recovery of a liquidated sum. However, both the pleadings and the course of this litigation have included plaintiff's demand for the same, representing the settlement amount of the underlying tort action, attorneys' fees and costs. Both parties knew and referred to the specific amounts of indemnification and expenses. Those items were stipulated to and were the subject of controversy in the briefing and at the hearing of this matter. A fair reading of the record in this matter leads only to the conclusion that there was never a dispute as to the amount of dollars claimed nor as to their authenticity, fairness and reasonableness (refer to the stipulation as exhibit A). Also, to decide the issue of a contractual right to a defense and indemnification is, under the circumstances of this case, to decide as to an undisputed figure. The underlying matter is resolved and defendant agrees that the resolution was fair and reasonable. Defendant never disputed the amount claimed, but simply plaintiff's entitlement to recover it from defendant. Further, it is this defendant that argued vehemently for prorating damages on a 75 to 25 percent basis if an award was made in favor of plaintiff.

As if the foregoing was not a sufficient basis to deny defendant's contention in this regard, the record will reflect that the plaintiff's amended complaint in

this declaratory judgment action specifically sought expenses for pursuit of this declaratory judgment action. Defendant's answer acknowledged plaintiff's claim but alleged plaintiff was not entitled thereto. Never has defendant objected to the inclusion of these claims in the pleadings. The defendant was indeed a party to defining and presenting the issues in this case, including a liquidated sum, and that sum in this case is certain or easily ascertainable. That is all that the law requires insofar as the award of interest in an appropriate case is concerned. The trial court's order of December 3, 1990, granting a declaratory judgment in plaintiff's favor awarded the amount of $227,147.47 related to the underlying tort action. The parties' stipulation agreeing to that amount, as well as its fairness and reasonableness, is part of the record supporting that declaratory judgment. Plaintiff's petition sought interest "as of right" at the rate of 6 percent per annum, citing *Fernandez v. Levin, supra, Kessler v. Old Guard Mut. Insurance Co., supra,* and *Verner v. Shaffer,* 347 Pa. Super. 206, 500 A.2d 479 (1985).

Defendant's response to plaintiff's petition raised only the argument concerning the first issue hereinabove discussed, that is, the sufficiency of the stay order to retain or grant the trial court jurisdiction to determine the modification. That matter has already been discussed in this opinion. Defendant did not brief or argue the issue of impropriety of interest in the award. Such, therefore, is deemed waived. Pennsylvania Rule of Appellate Procedure 302.

This court has found, therefore, that an express duty on the part of the defendant to indemnify plaintiff as an additional insured pursuant to the written field ser-

vices contract existed. The court found that defendant had breached this contractual duty and was responsible for indemnity (the known settlement amount of the underlying tort action), attorneys' fees and costs. Such matters can, of course, sound in equity as well as in law, but here, by the time of decision, the amounts were all liquidated or were easily computable. Pa.R.C.P 1601(a). Thus, plaintiff's expenses incurred in the settlement of the underlying tort action were not only easily ascertainable, but were in fact agreed to by both parties and ascertained by the court. The interest, of course, is likewise easily ascertainable based on that award.

Prejudgment interest under the circumstances at bar may be awarded as a matter of right on a claim of liquidated damages, or where unliquidated, for a sum that is readily ascertainable, as here. *Metropolitan Edison Co. v. Old Home Manor Inc., supra.* Post-judgment interest, pursuant to the Pennsylvania Judicial Code, may be awarded on a judgment for a specific sum of money, as was awarded here, at the lawful rate from the date of judgment. 42 Pa.C.S. §8101. Such is the case irrespective of the time the claim is made. *Fernandez v. Levin, supra*; *Metropolitan Edison Co. v. Old Home Manor Inc., supra.* It is thus respectfully submitted that no error occurred in the court's award.