144

**Sell v. Central Volkswagen Inc.**

C.P. of Clearfield County, no. 04-940-CD.

*Richard D. Sell* and *Linda H. Sell,* pro se.
*Brian Shreckengost,* for defendant.

CHERRY, *J.,* February 10, 2006—This matter comes before the court upon the filing of a complaint by plaintiffs, Richard D. Sell and Linda H. Sell, in which they assert numerous claims arising out of multiple incidents to the repair of a motor vehicle owned by the plaintiffs. Plaintiffs contend that defendant, Central Volkswagen Inc., made excessive repair charges for the repair of the motor vehicle during the period from approximately June 1998 through October 2002. Plaintiffs plead six causes of action identified as breach of warranty, breach of contract, conversion, unfair or deceptive acts in violation of the Pennsylvania Consumer Protection Law, negligence and common-law fraud. Plaintiffs had previously commenced an action against defendant before the Honorable Patrick N. Ford, Magisterial District Judge, in District no. 46-3-01. In that action, plaintiffs asserted claims against defendant based upon the same facts and circumstances that this court believes give rise to the present lawsuit. In the magisterial district judge's proceedings, judgment was entered in favor of the plaintiffs in the amount of $890.30. Defendant paid that judgment in full with the plaintiffs endorsing the check paying the judgment amount.

As a result of the present action, defendant filed preliminary objections requesting this court to dismiss plaintiffs' claims with prejudice. A hearing was scheduled before this court and an argument held on the preliminary objections to plaintiffs' complaint. This court was satisfied that the plaintiffs were barred by the doctrine of res judicata. As a result, the preliminary objections were sustained by this court and plaintiffs' complaint was dismissed in its entirety with prejudice. Plaintiffs filed a timely appeal. Plaintiffs did file a concise statement of matters complained of on appeal. Although most of the matters complained of in their statement of matters complained of on appeal deal with procedural issues, this court will attempt to address those matters as well as render an opinion as to this court sustaining the preliminary objections and this court's dismissal of plaintiffs' complaint.

Plaintiffs first allege that this court created prejudicial error in denying plaintiffs due process for a fair and full opportunity to amend their complaint to supplement the record and oppose the motion. The motion to amend plaintiffs' complaint was filed subsequent to argument on the preliminary objections. In addition, plaintiffs *were* afforded the opportunity for argument on the preliminary objections. Once the decision was handed down by this court on December 2, 2004, dismissing plaintiffs' complaint, there was no basis to hold a hearing on the motion to amend complaint as the complaint had been dismissed.

Plaintiffs next contend that this court ignored the motion for leave to file amended complaint with an order until the hearing held upon the petition for reconsidera-

tion. The court is not quite clear as to what plaintiffs are alleging in this matter. However, the court was satisfied that there was no basis to reconsider its order of December 2, 2004, and grant plaintiffs leave to amend their complaint.

Plaintiffs next alleged this court erred by violating Pennsylvania Rules of Civil Procedure proscription against presumption and thus (1) allowing unproven preliminary objections to stand; (2) preventing the natural, invited and countered reply of plaintiffs to a previous pleading; (3) allowing such reply brief to be valued against plaintiffs and not enter the same in the file or record in denying plaintiffs an opportunity to both express his claims and resolve any controversy pertinent to the issues by use of the courtroom blackboard. This court is unaware how it violated the Pennsylvania Rules of Civil Procedure. Plaintiffs had an opportunity to be fully heard by this court through their argument made during the hearing on the preliminary objections. The court did, in fact, read all briefs filed by both parties prior to rendering a decision in this matter. Plaintiffs did have adequate opportunity to argue their position against the granting of the preliminary objections. Lastly, at no time to this court's recollection, did plaintiffs ever request to use the courtroom blackboard. Nevertheless, this court does not believe that, even if the use of the blackboard was requested and the same granted, it would have changed this court's decision.

Plaintiffs next allege that this court exceeded the scope of judgment and authority and that the resulting dismissal of the complaint was an invalid application and presumptuous determination of a future event in which the ele-

ments remained yet to be proven. This court does not understand what plaintiffs are alleging in this matter. The allegation is not substantiated by the record and this court shall not address the same.

Next, plaintiffs allege that this court committed an egregious neglect of the known construction and scope of existing law. This court relied upon the doctrine of res judicata in rendering its decision. The doctrine of res judicata "holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa. Super. 225, 232, 464 A.2d 1313, 1316 (1983). "The original cause is 'barred' by a judgment for the defendant and 'merged' in one for the plaintiff. " *Id.* "Res judicata bars not only those issues actually raised, but also those issues which could have been litigated in the first action." *Id.* at 236, 464 A.2d at 1318.

For the doctrine of res judicata to prevail there must be a concurrence of four conditions: (1) identity of the issues sued upon; (2) identity of the causes of action; (3) identity of the parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Id.* at 232, 464 A.2d at 1317. The court is satisfied that the above conditions were satisfied in this case. First, the two cases filed by plaintiffs are based upon the identical facts and circumstances and are based upon the same alleged acts and omissions of defendant, Central Volkswagen; (2) the parties to both actions are identical;

(3) plaintiffs are asserting, in the present action, the same rights as were asserted in the magisterial district judge action; and (4) plaintiffs' complaint seeks essentially the same relief as they sought and was obtained by plaintiffs in the magisterial district judge's action.

"[W]here the doctrine of res judicata is otherwise applicable, its invocation will not be precluded or impaired because the prior judgment was entered in an action before a district justice." *A.C. Elfman and Sons Inc. v. Clime,* 355 Pa. Super. 394, 397, 513 A.2d 488, 490 (1986). Upon review of the record by this court, the court is satisfied that the same claims were pursued by plaintiffs in the proceedings before the magisterial judge as are now being asserted by plaintiffs in this case. This court is satisfied that under the doctrine of res judicata, plaintiffs cannot, in the present case, pursue any part of the claims that were, or that could have been, asserted before the magisterial judge.

Plaintiffs are not permitted to split the causes of action that formed the basis of both the magisterial district judge action and the present action. "The law does not permit the owner of a single or entire cause of action to divide or split that cause so as to make it the subject of several actions." *Kessler v. Old Guard Mutual Insurance Company,* 391 Pa. Super. 175, 182, 570 A.2d 569, 573 (1990).

This court is satisfied that plaintiffs have no viable claims to present in this matter. There exists no case or controversy presently existing over which this court might exercise jurisdiction.

Lastly, this court is satisfied that plaintiffs have no standing to pursue the claims that were the subject of the

prior judgment and for which plaintiffs received a judgment and satisfaction.

For all the foregoing reasons, this court sustained the preliminary objections and dismissed plaintiffs' complaint in its entirety with prejudice.