594 A.2d 349

David McMAHON

v.

CARAVAN REFRIGERATED CARGO, INC. and Frances P. Teter and the Guaranty Insurance Guaranty Association.

Appeal of PENNSYLVANIA INSUR-ANCE GUARANTY ASSOCIATION.

David McMAHON, Appellant,

v.

CARAVAN REFRIGERATED CARGO, INC., Frances P. Teter and the Pennsylvania Insurance Guaranty Association.

Superior Court of Pennsylvania.

Argued Jan. 31, 1991.

Filed July 12, 1991.

Petition for Allowance of Appeal Denied Nov. 25, 1991.

Lisa Luborsky, Philadelphia, for appellant (at 2167) and appellee (at 2168).

James T. Vernile, Philadelphia, for appellant (at 2168) and appellee (at 2167).

Before CAVANAUGH, CIRILLO and BROSKY, JJ.

CAVANAUGH, Judge:

This dispute arises out of a traffic accident in which a tractor trailer owned by Caravan Refrigerated Inc. struck the automobile driven by David McMahon from behind. Mr. McMahon brought suit against the driver Frances Teter and Caravan seeking damages for his resultant injuries. Caravan's insurer, Carriers Insurance Company, was subsequently adjudicated insolvent by the Iowa District Court of Polk County. Thereafter, Mr. McMahon and his wife sought relief through the Insurance Guaranty Associations of both Texas and Louisiana. Caravan was incorporated in Louisiana and its principal place of business is Texas. Louisiana refused to compensate the McMahons because it claimed Caravan was not a resident of that state. Texas rejected Mr. McMahon's claim because the Texas Insurance Guaranty Association Act allows an offset for any insurance coverage—including Worker's Compensation. The combined sum of Mr. McMahon's uninsured motorist benefits and his projected worker's compensation benefits exceeds the Texas statutory limit of $100,000. Mr. McMahon has filed suit in both Texas and Louisiana challenging the determinations of their respective insurance guaranty associations. He has brought this action after his claim sub-

mitted pursuant to the Pennsylvania Insurance Guaranty Association Act (the Act) was denied.

The parties stipulated that the damages suffered by Mr. McMahon were in excess of the $1,000,000 policy limit on the Carriers policy. Mrs. McMahon has received $100,000 from Texas (TIGA) for her loss of consortium claim. Mr. McMahon has received $40,000 in uninsured motorist benefits from his own insurer. The court below applied the $40,000 as an offset against the Pennsylvania statutory maximum recoverable and awarded Mr. McMahon $259,900. The court did not offset the award by the amount Mrs. McMahon recovered on her consortium claim. The parties have filed separate appeals. By stipulation, the Pennsylvania Insurance Guaranty Association (PIGA) is designated the appellant herein for procedural purposes.

The issues presented in these two appeals are the following: (1) Does the ACT require a claimant to obtain a final determination of his rights against another state's Insurance Guaranty Association before being eligible for compensation by PIGA? (2) Does the Act require that any award to Mr. McMahon be offset by amounts received by his wife for loss of consortium? (3) Should this court reconsider *Blackwell v. PIGA*, 390 Pa.Super. 31, 567 A.2d 1103 (1989)? and (4) Are delay damages a proper remedy in this action?

■ Turning to the first issue, we agree with the trial court that the statute is clear: a claimant need not obtain a final adjudication of his claim against another state's IGA as a prerequisite to obtaining benefits from PIGA. 40 Pa.S.A. § 1701.503(b) states:

Any person having a claim which may be recovered under more than one insurance guaranty association or its equivalent shall *seek* recovery first from the association of the place of residence of the insured, except that if it is a first party claim for damage to property with a permanent location, he shall seek recovery first from the association of the location of the property. Any recovery under this act shall be reduced by the amount of recovery from

any other insurance guaranty association or its equivalent. (emphasis added).

This is in contrast to § 503(a) which states:

Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, shall first be required to *exhaust* his right under such policy. Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under such insurance policy. (emphasis added).

As we said in *Blackwell v. PIGA*, 390 Pa.Super. 31, 567 A.2d 1103 (1989), "it is axiomatic that where the words of a statutory enactment are clear and unambiguous, courts must construe the statute according to its plain and obvious meaning." (citations omitted). We hold that where a claimant pursues a claim against another state's Insurance Guaranty Associations and has his claim rejected, he has satisfied his requirement by seeking recovery first from the other state's association and he does not need to obtain a final adjudication on the claim. Mr. McMahon has sufficiently sought relief under the acts of Texas and Louisiana and therefore is entitled to relief under the Pennsylvania statute.

The next issue presented by appellant is the question of whether Mr. McMahon's recovery is to be offset by his wife's recovery for loss of consortium. Mrs. McMahon was paid $100,000 for her loss of consortium claim by the ancillary liquidator of Carriers in Texas. We hold that as Mrs. McMahon's claim is separate and distinct from her husband's, the amount recovered by her does not reduce her husband's recovery under the act.

PIGA is charged with payment of "covered claims of an insolvent insurer." A claim for loss of consortium, although it must be joined with the action for underlying damages, is a separate and distinct claim. *Manzitti v. Amsler*, 379 Pa.Super. 454, 550 A.2d 537 (1988), *Butter-*

*more v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989). It has been stated that:

> Injury to a wife, not resulting in death, confers upon her and her husband separate and distinct rights of action for which (when both are sued for) separate verdicts must be returned and separate judgments entered.

*Nunamaker v. New Alexandria Bus Co.,* 371 Pa. 28, 88 A.2d 697 (1952). As Mrs. McMahon's claim for loss of consortium was separate and distinct, the trial court was correct in deciding that any recovery by her husband under the Act is not subject to offset due to amounts paid to Mrs. McMahon.

Appellee relies on *Vickodil v. PIGA,* 356 Pa.Super. 325, 514 A.2d 635 (1986), *alloc. den.* 514 Pa. 639, 523 A.2d 346, and argues that the consortium recovery from TIGA should reduce Mr. McMahon's recovery from PIGA. We disagree. In *Vickodil,* this court held that while claims for loss of consortium are separate, the language of the policy in that case subjected both claims to the single person limit of liability. The policy subjected all damages whether direct or derivative to the single liability limit of the person suffering bodily injury. The court held that the terms of the policy determined the meaning of "covered claim" in the Act and if the claims were subject to the single person liability limit under the policy, they are subject to the single $299,900 statutory cap. As the instant insurance policy does not contain the *Vickodil* limiting language, that case is not dispositive here.[1]

---

1. In reaching this conclusion we do not adopt the rationale of the trial court. The trial court reasoned that because the legislature used "amount payable," in § 1701.503(a) and "recovery" in § 1701.503(b) that the terms were intended to have distinct meanings. The court further concluded that since *Blackwell* restricted "amount payable" to the statutory cap, "amount recoverable" refers to the claimant's total damages. We do not share this view. We further note that under this rationale, any amount recovered from another state by Mr. McMahon would not be applied to offset the statutory limit $299,900. We think the Act is clear that any recovery elsewhere is to reduce the claimant's recovery here.

■ We are next invited by appellee to reconsider our holding in *Blackwell v. PIGA*, 390 Pa.Super. 31, 567 A.2d 1103 (1989), where we ruled that any uninsured motorist benefits recovered by a claimant were applied against the statutory maximum to reduce the amount recoverable. We see no reason to accept appellee's invitation. The trial court properly subtracted Mr. McMahon's uninsured motorist recovery from the $299,900 statutory cap.

■ Next, appellee asserts that he should be entitled to delay damages as his injuries are of the type typically justifying such damages. Rule 238 of the Pennsylvania Rules of Civil Procedure provides:

> In a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages ...

As appellant points out this case is submitted on stipulated facts to determine the parties rights and obligations under the contract. The trial court concluded that this action did not allow for delay damages as it arose out of the contract between the insured and the insurer. We agree.

The original action was for bodily injuries suffered by appellee. A default judgment was taken by appellee there. This is a subsequent action submitted to the trial court on stipulations for the sole purpose of determining the parties rights under the contract and the statute. Thus, this action is distinguishable from one in which the insurer assumes the defense of a bodily injury action and refuses to settle. We conclude that this is not an action for bodily injury and therefor delay damages pursuant to Rule 238 are not proper.

Finally, relying on *Verner v. Shaffer*, 347 Pa.Super. 206, 500 A.2d 479 (1985), appellee requests this court to mold the verdict to include pre-judgment interest. However, appellant points out that the issue of pre-judgment interest was not raised in appellee's post-trial motions. In *Verner v. Shaffer*, the issue had been raised below and was properly before the court on appeal. As appellee failed to raise the

issue of pre-judgment interest before the trial court here, the issue is waived.

Judgment affirmed.